

**Dated: June 12, 2017.**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 16-10467-TMD |
| JAMES QUEZADA | § | |
| SIMONA QUEZADA, | § | |
|     Debtors. | § | Chapter 11 |

| | | |
|---|---|---|
| JAMES QUEZADA | § | |
| SIMONA QUEZADA, | § | |
|     Plaintiffs, | § | |
| | § | Adv. Proc. No. 16-01101-TMD |
| v. | § | |
| | § | |
| INTERNAL REVENUE SERVICE, | § | |
|     Defendant. | § | |

### MEMORANDUM OPINION

The Quezadas dispute, by motion for summary judgment, an IRS assessment of $1,269,561.89 in withholding tax liabilities on the basis that the individuals working for the Quezadas' business were independent contractors and not employees. Because hiring independent contractors gives rise to a separate set of withholding obligations, and because material issues of fact are in dispute, the motion will be denied.

I.  **BACKGROUND**

James Quezada[1] works as a bricklayer and operates as Quezada Masonry.[2] General contractors hire Quezada on a contract basis to provide materials and labor for masonry projects.[3] Typically, Quezada supplies the materials and hires contract laborers and subcontractors to perform the labor.[4] From 2005-2008, Quezada filed tax returns, which included Form 1099-Misc., where he reported payments made to subcontractors.[5] Quezada also claimed deductions for these payments on his Form 1040 "Individual Income Tax Return" for each of these years.[6] Although the IRS only challenges tax years 2005-2008, Quezada says he made similar filings, claiming similar deductions, for several years both before 2005 and after 2008.[7]

In September 2008, the IRS began to examine Quezada's 2005 backup withholding liability for the subcontractors.[8] Three years later, it began to examine Quezada's withholding liability for 2006-2008.[9] Over two years after that, in December 2013, the IRS Appeals Officer reported his findings related to these examinations in an Appeals Transmittal and Case Memo, recommending that over $600,000 be assessed, together with almost $300,000 of related penalties, because Quezada did not file Form 945 to report backup withholding or pay backup withholding taxes in 2005-2008.[10] In February 2014—more than three years after Quezada filed the returns—the IRS assessed his tax liability for 2005-2008.[11] A year later, in March 2015, the

---

[1] It is unclear from the current record how involved Simona Quezada was in the business. For ease of reference, the Quezadas will be referred to in the singular except when discussing their joint filings in their bankruptcy case and this adversary proceeding.
[2] Mot. Summ. J., ECF No. 12:3.
[3] Mot. Summ. J., ECF No. 12:3; IRS Resp., ECF No. 15-2.
[4] Mot. Summ. J., ECF No. 12:3; IRS Resp., ECF No. 15-2.
[5] Mot. Summ. J., ECF No. 12:3; IRS Resp., ECF No. 15:2-3.
[6] Mot. Summ. J., Ex. P at 3-4, ECF No. 12-17.
[7] Mot. Summ. J., ECF No. 12:3.
[8] Mot. Summ. J., Ex. E at 4, ECF No. 12-6.
[9] Mot. Summ. J., Ex. E at 4, ECF No. 12-6.
[10] Mot. Summ. J., Ex. O at 1, ECF No. 12-16.
[11] Mot. Summ. J., Ex. E at 5, ECF No. 12-6.

2

IRS sent Quezada a Notice of Determination, concluding that Quezada owed over $1.2 million, including interest and late payment penalty.[12]

About a year later, the Quezadas filed under chapter 11 of the Bankruptcy Code.[13] Soon after, the IRS filed a $1,269,561 proof of claim for Quezada's tax liability.[14] In response, the Quezadas filed this adversary proceeding to determine the debt's dischargeability, and for declaratory relief from the taxes listed in the IRS proof of claim.[15]

## II. ANALYSIS

Summary judgment is granted when the moving party shows that there is no genuine issue as to any material fact and is entitled to judgment as a matter of law.[16] During the hearing on the Quezadas' motion for summary judgment,[17] the parties agreed that fact issues prevented the Court from ruling on all but one issue: does Quezada's failure to file Form 945 mean the IRS has unlimited time to assess withholding tax liability under the tolling provisions of 26 U.S.C. section 6501(c)(3)?

### A. Employers of Independent Contractors still have withholding duties.

For purposes of the summary judgment motion, the IRS did not contest that Quezada Masonry hired its payees as independent contractors, and not as employees.[18] And while employers must withhold various amounts from payments made to employees,[19] an employer is not generally required to withhold federal taxes on payments to independent contractors.[20] But if an independent contractor fails to provide a taxpayer identification number ("TIN") to the IRS,

---

[12] Mot. Summ. J., Ex. P at 3, ECF No. 12-17.
[13] *In re Quezada*, 16-10467 (filed Apr. 21, 2016).
[14] Mot. Summ. J., Ex. F at 2, ECF No. 12-8.
[15] Compl., ECF No. 1.
[16] FED. R. BANKR. P. 7056 (applying FED. R. CIV. P. 56 in adversary proceedings).
[17] Mot. Summ. J. Hr'g, Apr. 5, 2017.
[18] Mot. Summ. J., ECF No. 12:3; IRS Resp., ECF No. 15:2-3.
[19] Mot. Summ. J., Ex. L at 7, ECF No. 12-13 (IRS Pub 15-A).
[20] Mot. Summ. J., Ex. L at 7, ECF No. 12-13 (IRS Pub 15-A).

3

the employer is required to withhold 28% of certain taxable payments.[21] Employers are required to report this "backup withholding" on Form 945.[22]

However, even if an employer fails to withhold the taxes, and does not file Form 945, the employer can still avoid liability as long as it can be shown that the independent contractor reported and paid taxes on the payments.[23] The employer complies with this requirement by obtaining a Form 4669 "Statement of Payments Received" from each independent contractor.[24] By filing Form 4669, the contractor declares under penalty of perjury that he or she filed a tax return reporting the payments received from the employer.[25] In simpler terms, the IRS needs proof that somebody paid income taxes on the money that changed hands. So, if a taxpayer employs independent contractors, he or she has to either: (1) provide the contractor's TIN, (2) file Form 945 to report the backup withholding on these payments, and pay the backup withholding, or (3) obtain a complete Form 4669 from each independent contractor.[26] In this case, according to the IRS, Quezada did none of these three.[27]

### B. When is a return, a return, and why does it matter?

When a return is filed, 11 U.S.C. § 6501(a) provides that any tax deficiency "shall be assessed within 3 years after the return was filed."[28] If no return is filed, however, this three-year

---

[21] Mot. Summ. J., Ex. K at 6, ECF No. 12-12 (IRS Pub 15).
[22] Mot. Summ. J., Ex. K at 6, ECF No. 12-12 (IRS Pub 15); Form 945, Annual Return of Withheld Federal Income Tax, Internal Revenue Service, https://www.irs.gov/pub/irs-pdf/f945.pdf (last visited Jun. 7, 2017).
[23] Mot. Summ. J., Ex. O at 4, ECF No. 12-16; 26 U.S.C. § 3402(d); *V & V Construction Co. v U.S.*, No. oo C 2479, 2001 U.S. Dist. WL 417323, at *3 (N.D. Ill. Apr. 19, 2001).
[24] Mot. Summ. J., Ex. O at 4, ECF No. 12-16; Form 4669, Statement of Payments Received at 2, Internal Revenue Service, https://www.irs.gov/pub/irs-pdf/f4669.pdf (last visited Jun. 6, 2017).
[25] Mot. Summ. J., Ex. P at 3-4, ECF No. 12-17; Form 4669, Statement of Payments Received at 1, Internal Revenue Service, https://www.irs.gov/pub/irs-pdf/f4669.pdf (last visited Jun. 6, 2017).
[26] Mot. Summ. J., Ex. O at 4, ECF No. 12-16; 26 U.S.C. § 3406; 26 C.F. R. § 31.3406(d); Form 945, Annual Return of Withheld Federal Income Tax, Internal Revenue Service, https://www.irs.gov/pub/irs-pdf/f945.pdf (last visited Jun. 7, 2017); Form 4669, Statement of Payments Received, Internal Revenue Service, https://www.irs.gov/pub/irs-pdf/f4669.pdf (last visited Jun. 6, 2017).
[27] Mot. Summ. J., Ex. O at 4-5, ECF No. 12-16. Although Quezada claims he did supply TINs, the evidence must at this point be viewed in a light most favorable to the IRS, and so this analysis assumes Quezada did not.
[28] 26 U.S.C. § 6501(a).

limitations period does not apply, and the IRS may assess taxes "at any time" pursuant to §6501(c)(3).[29] Quezada contends that even if he failed to file the correct return (here, Form 945), his Form 1040 fillings were sufficient to trigger the limitations period for assessment.[30] The IRS argues that because Quezada filed no Form 945 returns to report backup withholding, no return was filed that triggered the three-year limitations period, and so the Form 945 liabilities may be assessed "at any time."[31] The IRS maintains that because the tax liability at issue is a Form 945 liability, Quezada's 1040 filings are irrelevant to the limitations period for Form 945 tax assessments.[32] So does filing a Form 1040 return trigger the three-year limitations period for assessing liability arising from backup withholding that must be reported on a different form?

A "return" under the limitations statute is simply defined as "the return required to be filed by the taxpayer."[33] No courts have ruled on whether a filed Form 1040 will trigger the three-year limitations period with respect to an unfiled Form 945, but courts have ruled that the limitations period is not triggered where taxpayers failed to file other types of required returns.[34] Specifically, the Supreme Court in *Commissioner of Internal Revenue v. Lane-Wells Co.* addressed whether a filed corporate income tax return would cause the limitations period to run when a personal holding company tax return should have been filed.[35] The Court rejected the taxpayer's argument that a filed corporate income tax return was enough to trigger the statute of limitations for personal holding company taxes, which required a different return.[36] The Court

---

[29] 26 U.S.C. §6501(c)(3) ("In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.")
[30] Mot. Summ. J., ECF No. 12:4-5.
[31] IRS Resp., ECF No. 15:4 (citing 26 U.S. C. §6501(c)(3)).
[32] IRS Resp., ECF No. 15:4.
[33] 26 USC § 6501(a).
[34] *See* IRS Suppl. Resp., ECF No. 16:2 (listing several cases, but in some of their cited cases the return had a blatant deficiency instead of simply being the incorrect form (in one, the taxpayer crossed out the "under penalty of perjury" line)).
[35] *Comm'r v. Lane-Wells Co.,* 321 U.S. 219, 220 (1944).
[36] *Id.* at 224.

5

reasoned that the taxpayer was "under liabilities for two taxes and under an obligation to file two returns. . . ."[37] In finding that the assessment was not barred, the Court articulated that the statute of limitations does not begin to run if a taxpayer files a return different from the required return and the filed return is insufficient to "show the facts on which liability would be predicated."[38]

In *Springfield v. United States*, the Ninth Circuit held that filing Form 1099 did not start the limitations period running where the taxpayer was required to file Forms 940 and 941.[39] In that case, the taxpayer owned a used car business.[40] Because he believed that his car salesmen were independent contractors, and not employees,[41] he filed Forms 1099 for them, instead of Forms 940 or 941, which are required for employees.[42] The IRS determined that the salesmen should have been considered employees.[43] Thus, it assessed the taxpayer with withholding taxes.[44] The taxpayer appealed on the grounds that the assessment was barred by the three-year statute of limitations set forth in §6501(a).[45] The Ninth Circuit narrowed the relevant inquiry to "whether the return filed sets forth the facts establishing liability."[46] The Ninth Circuit then determined that because Form 1099 requests information about nonemployee compensation, while Form 941 requests information about employee compensation, filing a Form 1099 "would not necessarily alert the IRS that the employer/taxpayer is liable for additional taxes," and thus the statute of limitations had not run.[47]

---

[37] *Comm'r v. Lane-Wells Co.,* 321 U.S. 219, 222-23 (1944) (distinguishing its holding in *Germantown Trust Co. v. Comm'r*, 309 U.S. 304, 310 (1940) (holding that a return filed on the wrong form but containing all of the necessary tax data was a "return" for purposes of the limitations period)).
[38] *Id.* at 223.
[39] *Springfield v. United States*, 88 F.3d 750, 752 (9th Cir. 1996).
[40] *Id.* at 751.
[41] *Id.*
[42] *Id.*
[43] *Id.*
[44] *Id.*
[45] *Id.*
[46] *Id.* at 752.
[47] *Id.*

6

Though the above-cited cases came out against allowing one kind of return to trigger the limitations period on a different kind of return, underlying the rationale in both cases is the "substantial compliance" standard.[48] This standard for evaluating a return's validity under the statutory period for assessment originates in a line of Supreme Court cases[49] that set out the elements for determining whether a document is sufficient for statute of limitations purposes. The tax court in *Beard v. Commissioner of Internal Revenue* articulated these elements as, "First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury."[50] The application and result of this test is specific to the individual facts of each case.[51]

Based on *Sprinfield*, Form 945 is a return. The question is whether the information actually filed by Quezada provided enough data to calculate his Form 945 liability. The Quezadas never attempted to answer this question. And while the Quezadas attached many documents to their initial brief, they did not attach the returns they actually filed, which would have been the place to start in answering this question.

## III. CONCLUSION

The motion for summary judgement will be denied by separate order.

---

[48] *See Florsheim Bros. Dry Goods. Co. v. United States,* 280 U.S. 453, 462 (1930) (discussing situations where a defective or incomplete return may be sufficient to trigger the limitations period if it is substantial compliance with the requirement of a return).

[49] *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172, 180 (1934); *Florsheim Bros. Dry Goods Co.*, 280 U.S. at 462; *Cf. United States v. Memphis Cotton Oil Co*., 288 U.S. 62, 67 (1933) (correction of a claim for a tax refund was not barred by the statute of limitations); *New York Central & H.R.R. Co. v. Kinney*, 260 U.S. 340, 346 (1922) (statute of limitations did not bar new allegations in an amended complaint because the amendment only "expanded or amplified" what was asserted in the original complaint).

[50] *Beard v. Comm'r*, 82 T.C. 766, 777 (1984), *aff'd sub nom. Beard v. C.I.R.*, 793 F.2d 139 (6th Cir. 1986) (articulating the Supreme Court test).

[51] *Id.*

Though the above-cited cases came out against allowing one kind of return to trigger the limitations period on a different kind of return, underlying the rationale in both cases is the "substantial compliance" standard.[48] This standard for evaluating a return's validity under the statutory period for assessment originates in a line of Supreme Court cases[49] that set out the elements for determining whether a document is sufficient for statute of limitations purposes. The tax court in *Beard v. Commissioner of Internal Revenue* articulated these elements as, "First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury."[50] The application and result of this test is specific to the individual facts of each case.[51]

Based on *Sprinfield*, Form 945 is a return. The question is whether the information actually filed by Quezada provided enough data to calculate his Form 945 liability. The Quezadas never attempted to answer this question. And while the Quezadas attached many documents to their initial brief, they did not attach the returns they actually filed, which would have been the place to start in answering this question.

## III. CONCLUSION

The motion for summary judgement will be denied by separate order.

---

[48] *See Florsheim Bros. Dry Goods. Co. v. United States,* 280 U.S. 453, 462 (1930) (discussing situations where a defective or incomplete return may be sufficient to trigger the limitations period if it is substantial compliance with the requirement of a return).

[49] *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172, 180 (1934); *Florsheim Bros. Dry Goods Co.*, 280 U.S. at 462; *Cf. United States v. Memphis Cotton Oil Co*., 288 U.S. 62, 67 (1933) (correction of a claim for a tax refund was not barred by the statute of limitations); *New York Central & H.R.R. Co. v. Kinney*, 260 U.S. 340, 346 (1922) (statute of limitations did not bar new allegations in an amended complaint because the amendment only "expanded or amplified" what was asserted in the original complaint).

[50] *Beard v. Comm'r*, 82 T.C. 766, 777 (1984), *aff'd sub nom. Beard v. C.I.R.*, 793 F.2d 139 (6th Cir. 1986) (articulating the Supreme Court test).

[51] *Id.*