IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JAMES & SIMONA QUEZADA, | ) | Case No. 16-10467-11 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JAMES & SIMONA QUEZADA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 16-01101--tmd |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**UNITED STATES OF AMERICA'S POST-TRIAL BRIEF**

THOMAS M. HERRIN
Texas State Bar No. 09533500
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9745 / FAX (214) 880-9741
Thomas.M.Herrin@usdoj.gov

ATTORNEY FOR UNITED STATES
(INTERNAL REVENUE SERVICE)

# **TABLE OF CONTENTS**

1. TABLE OF CONTENTS ................................................................................................. i

2. TABLE OF AUTHORITIES ........................................................................................... ii

3. PROCEDURAL BACKGROUND ................................................................................... 1

4. FACTS SUPPORTING THE IRS CLAIM FOR BACKUP WITHHOLDING ...... 2

5. STATEMENTS OF CONTROLLING LAW .................................................................. 7

6. DISCUSSION ................................................................................................................... 7

       Quezada's trial testimony that his contract workers furnished him
       with TINS/SSNs, and he simply failed to include them on his filed
       1099s, is not credible and it must be rejected by the Court ......................... 8

       Quezada's backup liability assessments are not barred by
       limitations. ................................................................................................... 11

7. CONCLUSION ............................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Beard v. Comm'r,* 82 T.C. 766 (1984), *aff'd sub nom. Beard v. C.I.R.*, 793 F.2d 139 (6th Cir. 1986) ................................................................................................................................ 12, 13, 14
*Comm'r v. Lane-Wells Co.*,
  321 U.S. 219 (1944) ................................................................................................ 11, 12, 14
*Duket v. Comm'r of Internal Revenue*,
  No. 20560-14S, 2017 WL 5197607 (T.C. Nov. 9, 2017) ......................................................... 13
*Ralston Purina Co. v. Hobson*,
  554 F.2d 725 (5th Cir. 1977) ................................................................................................. 10
*S. Coast Corp. v. Nat. Gas Pipeline Co. of Am.*,
  337 F.2d 158 (5th Cir. 1964) ................................................................................................. 10
*Sartor v. Arkansas Nat. Gas Corp.*,
  321 U.S. 620 (1944) .............................................................................................................. 10

**Statutes**

26 U.S.C. § 162(a) ....................................................................................................................... 13
26 U.S.C. § 3406 ......................................................................................................... 1, 11, 13, 14
26 U.S.C. § 3406(a)(1)(A) ........................................................................................................ 7, 8
26 U.S.C. § 6011 .......................................................................................................................... 11
26 U.S.C. § 6501(a) ..................................................................................................................... 11

**Regulations**

Treasury Regulation 26 C.F.R. § 31.6011(a)-4 ........................................................................... 11

IN THE UNITED STATES BANKRUPTCY COURT FOR THE

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| IN RE:<br><br>JAMES & SIMONA QUEZADA,<br><br>DEBTORS. | Case No. 16-10467-11 |
| JAMES & SIMONA QUEZADA,<br><br>PLAINTIFFS,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Adversary No. 16-01101-tmd |

**UNITED STATES OF AMERICA'S
POST-TRIAL BRIEF**

For the reasons set forth below, the IRS amended claim for $1,269,561.89 in backup withholding tax liabilities (including penalties and interest), assessed pursuant to 26 U.S.C. § 3406, should be allowed as filed.

**PROCEDURAL BACKGROUND**

1.  Debtors filed a Chapter 11 Bankruptcy proceeding on April 21, 2016. (Dkt. No. 1, Case No 16-10467).

2.  On September 8, 2016, the IRS filed an amended claim asserting an aggregate liability of $1,269,561.89. This claim includes both a secured claim of $1,611.19 and an

-1-

unsecured priority claim of $977,948.15, both of which relate to back-up withholding taxes assessed against Debtor James Quezada ("Quezeda") for tax years 2005 - 2008, plus related interest. The claim also includes $289,835.74 in unsecured penalty and related interest associated with the back-up withholding liability. (Claim # 2-2).

3. On November 22, 2016, Debtors filed an adversary complaint challenging the backup withholding liability asserted on the IRS amended claim. (Adv. No. 16-01101, Dkt. No. 1). The United States answered Plaintiffs' Complaint on December 23, 2016. (Adv. No. 16-01101, Dkt. No. 4). The parties have consented to entry by this Court of a final judgment with respect to the issues raised in Plaintiffs' Adversary Complaint. (Adv. No. 16-01101, Dkt. Nos. 7 and 8).

4. A joint Pre-Trial Order was filed April 4, 2018. (Adv. No. 16-01101, Dkt. No. 40). The adversary case was tried May 3, 2018.

5. At trial, Plaintiffs' Exhibits 1-58 and Defendant's Exhibits 1-5, and 7-13 were admitted. (Adv. No. 16-01101, Dkt. No. 54).

6. Plaintiffs filed their post-trial brief on May 31, 2018. (Adv. No. 16-01101, Dkt. No. 57).

### FACTS SUPPORTING THE IRS CLAIM
### FOR BACK-UP WITHHOLDING

1. Quezada operates a business known as Quezada Masonry. All workers employed by Quezada are contract laborers. (Adv. No. 16-01101, Dkt. No. 40, Undisputed Fact No. 1).

2. Quezada deducted the subcontractor expenses paid in years 2005 - 2008 on his Form 1040 tax returns. (Adv. No. 16-01101, Dkt. No. 40, Undisputed Fact No. 3).

3. Quezada filed Forms 1099 for payments made to subcontractors during tax years 2005 – 2008. (Adv. No. 16-01101, Dkt. No. 40, Undisputed Fact No. 2).

4. The Form 1099s filed by Quezada for years 2005 – 2008 showed no withholdings on payments made to his subcontractors, and Quezada did not file Forms 945 for tax years 2005 through 2008. (Adv. No. 16-01101, Dkt. No. 40, Undisputed Fact No. 9).

5. At least some of the contract workers employed by Quezada were foreign workers from Mexico. Quezada did not withhold payroll taxes for any of these foreign workers. (Trial Transcript, p. 16, line 20 – p. 17, line 9).

6. For tax year 2005, Plaintiffs claimed Schedule C contract labor expenses of $770,520 on their Form 1040 federal income tax return. (Plaintiffs' Exhibit 15, at Bates No. DOJ 000304).

7. For tax year 2005, the IRS notified Quezada in a letter dated September 18, 2006, that 29 TIN/SSN (Taxpayer Identification Number/Social Security Number) were missing from the Form 1099s he submitted. (Plaintiffs' Exhibit 13, at Bates No. DOJ 000026 – DOJ 000031).

8. For tax year 2005, the IRS proposed a backup withholding assessment against Quezada in the amount of $162,111.68. This liability represented a 28% assessment based on payments totaling $578,970.30 (out of the $770,520 Schedule C contract labor expenses claimed on Plaintiffs' 2005 Form 1040) made to subcontractors for whom no TINs were provided. (Plaintiffs' Exhibit 28, at p. 5 of 15; 15, at Bates No. DOJ 000304; and 29, at p. 3 of 6).

9. On February 3, 2014, a $162,111.68 backup withholding liability was assessed against Quezada for tax year 2005. (Plaintiffs' Exhibit 30, at p. 2).

10. The IRS asserted this $162,111.68 back-up withholding liability for 2005 on its amended Proof of Claim filed in Plaintiffs' underlying bankruptcy proceeding. (Government Exhibit 1, at p. 4).

11. For tax year 2006, Plaintiffs claimed Schedule C contract labor expenses of $799,024 on their Form 1040 federal income tax return. (Plaintiffs' Exhibit 16, at Bates No. DOJ 000320).

12. For tax year 2006, the IRS notified Quezada in a letter dated September 24, 2007, that 21 TIN/SSN (Taxpayer Identification Number/Social Security Number) were missing from the Form 1099s he submitted, and that an additional one provided by Quezada was incorrect. (Plaintiffs' Exhibit 13, at Bates No. DOJ 000019 – DOJ 000024).

13. For tax year 2006, the IRS proposed a backup withholding assessment against Quezada in the amount of $203,132.24. This liability represented a 28% assessment based on payments totaling $725,472.28 (out of the $799,024 Schedule C contract labor expenses claimed on Plaintiffs' 2006 Form 1040) made to subcontractors for whom no TINs were provided. (Plaintiffs' Exhibit 28, at p. 8 of 15; 16, at Bates No, 000320; and 29, at p. 3 of 6).

14. On February 3, 2014, a $203,132.24 backup withholding liability was assessed against Quezada for tax year 2006. (Plaintiffs' Exhibit 31, at p. 2).

15. The IRS has asserted this $203,132.24 back-up withholding liability for 2006 on its amended Proof of Claim filed in Plaintiffs' underlying bankruptcy proceeding. (Government Exhibit 1, at p. 4).

16. For tax year 2007, Plaintiffs claimed Schedule C contract labor expenses of $533,435 on their Form 1040 federal income tax return. (Plaintiffs' Exhibit 17, at Bates No. DOJ 000331).

17. For tax year 2007, the IRS notified Quezada in a letter dated April 20, 2009, that 28 TIN/SSN (Taxpayer Identification Number/Social Security Number) were missing from the Form 1099s he submitted. (Plaintiffs' Exhibit 13, at Bates No. DOJ 000013 – DOJ 000017).

18. For tax year 2007, the IRS proposed a backup withholding assessment against Quezada in the amount of $136,789.88. This liability represented a 28% assessment based on payments totaling $488,535.28 (out of the $533,435 Schedule C contract labor expenses claimed on Plaintiffs' 2007 Form 1040) made to subcontractors for whom no TINs were provided. (Plaintiffs' Exhibit 28, at p. 11 of 15; 17, at Bates No. DOJ 000331; and 29, at p. 3 of 6).

19. On February 3, 2014, a $136,789.88 backup withholding liability was assessed against Quezada for tax year 2007. (Plaintiffs' Exhibit 32, at p. 2).

20. The IRS has asserted this $136,789.88 back-up withholding liability for 2007 on its amended Proof of Claim filed in Plaintiffs' underlying bankruptcy proceeding. (Government Exhibit 1, at p. 4).

21. For tax year 2008, Plaintiffs claimed Schedule C labor expenses of $542,359 on their Form 1040 federal income tax return. (Plaintiffs' Exhibit 18, at Bates No. DOJ 000255).

22. For tax year 2008, the IRS notified Quezada in a letter dated September 8, 2009, that 28 TIN/SSN (Taxpayer Identification Number/Social Security Number) were missing from the Form 1099s he submitted. (Plaintiffs' Exhibit 13, at Bates No. DOJ 000007 – DOJ 000011).

23. For tax year 2008, the IRS proposed a backup withholding assessment against Quezada in the amount of $132,219.35. This liability represented a 28% assessment based on payments totaling $472,211.97 (out of the $542,359 Schedule C contract labor expenses claimed on Plaintiffs' 2008 Form 1040) made to subcontractors for whom no TINs were provided. (Plaintiffs' Exhibit 28, at p. 13 of 15; 18, at Bates No. DOJ 000255; and 29, at p. 4 of 6).

24. On February 3, 2014, a $132,219.35 backup withholding liability was assessed against Quezada for tax year 2008. (Plaintiffs' Exhibit 33, at p. 2).

25. The IRS has asserted this $132,219.35 back-up withholding liability for 2008 on its amended Proof of Claim filed in Plaintiffs' underlying bankruptcy proceeding. (Government Exhibit 1, at p. 4).

26. The specific Form 945 liabilities, plus interest, assessed against Quezada are as follows:

**FORM 945**

| TAX PERIOD | DATE OF ASSESSMENT | TAX DUE | ASSESSED INTEREST (THROUGH FEBRUARY 3, 2014) | PENALTY DUE (All Assessed) |
|---|---|---|---|---|
| 2005 | 02/03/2014 | $162,111.68 | $94,520.55 | $77,003.05 |
| 2006 | 02/03/2014 | $203,132.24 | $91,599.36 | $96,487.81 |
| 2007 | 02/03/2014 | $136,789.88 | $44,242.72 | $63,607.29 |
| 2008 | 02/03/2014 | $132,219.35 | $31,172.56 | $53,548.84 |

An additional $82,159.81 in unassessed interest accrued prior to the April 21, 2016 bankruptcy filing date, and it is included on the IRS's Amended Proof of Claim. (Plaintiffs' Exhibit Nos. 30 – 34; Government Exhibit 1).

-6-

## STATEMENTS OF CONTROLLING LAW

1. This Court has subject matter jurisdiction over the issues raised in the Plaintiffs' Adversary Complaint. Because Plaintiffs' Adversary Complaint directly challenges the IRS claim filed in Plaintiffs' bankruptcy proceeding, it is a core matter. (Joint Pretrial Order, Statement of Jurisdiction, Adv. No. 16-01101, Dkt. No. 40).

2. 26 U.S.C. § 3406(a)(1)(A) requires a payor to conduct backup withholding when a payee fails to furnish the payor with a TIN. (Joint Pretrial Order, Adv. No. 16-01101, Dkt. No. 40 – Agreed Issue of Law No. 9).

## DISCUSSION

The parties agree that for tax years 2005-2008 (inclusive): Quezada operated a business utilizing only contract labor; (2) Plaintiffs claimed the contract labor expenses on Schedule C of their Form 1040 returns; (3) Quezada filed Forms 1099 reporting the contract workers to the IRS, but he did not include all of the workers' corresponding TINs/SSNs on those returns; (4) Quezada did not withhold federal backup withholding taxes on the payments made to his contract workers; and (5) Quezada did not file Forms 945 reporting any backup withholding tax on the contract workers. At trial, Plaintiffs offered two defenses: (1) that the backup withholding assessments made against him are barred by limitations; and (2) that his contract workers furnished TINs/SSNs at the time they started work. In their post-submission brief, Plaintiffs argue only that the backup withholding assessments are barred by limitations because

they were not made within three years of the time Plaintiffs filed their corresponding Form 1040 Federal Income Tax Return.[1]

For the reasons stated below, both of Plaintiffs' arguments must be rejected and the back-up withholding liabilities must be sustained.

**I.**

**Quezada's trial testimony that his contract workers furnished him with TINs/SSNs, and he simply failed to include them on his filed 1099s, is not credible and it should be rejected by the Court.**

26 U.S.C. § 3406(a)(1)(A) requires a payor to conduct backup withholding when a payee fails to furnish his TIN to the payor in the manner required. Although not advanced in their post-trial brief, Plaintiffs arguably maintained at trial that Section 3406 backup withholding does not apply here because Quezada obtained TINs from his reported contract workers when they began work. To the extent this defense is advanced, it is based exclusively on three self-serving statements Quezada made at trial: (1) "I always get social security numbers from people that I hire" (Trial Transcript p. 12, l. 22-23); (2) "I got [social security numbers for all subcontractors used in 2005, 2006, 2007, and 2008] on all of them" (Trial Transcript p. 13, l. 8-11); and (3) "They show me their social security number and I write it on the book that I'm keeping the work orders because I have my ledger at the house. When I get to the house, I'll transfer that number to my ledger" (Trial Transcript p. 14, l. 18-21). As shown below, these unsupported self-serving statements, when viewed in light of the totality of the evidence, are not credible and they should be rejected by the Court.

---

1 This limitations argument was previously advanced, and rejected, at the summary judgment stage of this adversary proceeding.

-8-

First, Quezada (through Plaintiffs' Exhibit No. 41, pp. 3 and 5, of 8) directly rebuts his own trial testimony. Through Plaintiffs' Exhibit 41, Quezada verifies, under penalty of perjury, that "during the years in question [he] did not obtain Social Security numbers (SSN) or Taxpayer Identification numbers (TIN) for all of [his] subcontractors."

Second, Quezada testified at trial that he made a mistake when he failed to include SSNs/TINs on the Forms 1099 he filed for years 2005-2008. (Trial Transcript, p.13, l. 14 and 21). It is significant, however, that Quezada's Form 1099s included some, but not all, of his contractors' SSNs/TINs. The question for the Court to decide is whether it is more likely that Quezada arbitrarily chose to include some, but not all, SSNs/TINs on his Form 1099s or, alternatively, whether Quezada failed to include the SSNs/TINs he had never been furnished.[2]

Quezada's credibility is also called into question by the trial testimony of IRS Revenue Agent William Wharton. Revenue Agent Wharton testified that he audited Plaintiffs' accounts for 2005 - 2008 and that he was never provided the missing SSNs/TINs for Quezada's contractors. (Trial Transcript p. 18, l. 14-21). IRS Appeals Officer Michael Handrick goes further, stating that he researched new TINs Quezada provided and: (1) there was no IRS data for the majority of the workers/TINs; and (2) he could not confirm that any of the workers had reported and paid self-employment tax on income received from Quezada. (Plaintiffs' Exhibit 36, pp. 4-5, of 6). Additionally, Quezada could not corroborate his self-serving testimony

---

2 As noted in the United States' Facts Supporting the IRS Claim for Back-Up Withholding (supra), because of Quezada's partial reporting compliance, backup withholding was only applied against:
(1) $578,970.30 out of the $770,520 Schedule C contract labor expenses claimed on Plaintiffs' 2005 Form 1040;
(2) $725,472.28 out of the $799,024 Schedule C contract labor expenses claimed on Plaintiffs' 2006 Form 1040;
(3) $488,535.28 out of the $533,435 Schedule C contract labor expenses claimed on Plaintiffs' 2007 Form 1040; and
(4) $472,211.97 out of the $542,359 Schedule C contract labor expenses claimed on Plaintiffs' 2008 Form 1040.

through documents that he brought with him and examined at trial. (Trial Transcript p. 15, l. 12-16.)

The trier of fact may reject all or any part of the testimony of interested witnesses. *See S. Coast Corp. v. Nat. Gas Pipeline Co. of Am.*, 337 F.2d 158, 160 (5th Cir. 1964); *see also Ralston Purina Co. v. Hobson*, 554 F.2d 725, 728–29 (5th Cir. 1977)(Completely self-serving testimony, unsupported by other evidence and in the teeth of universal experience, will not support a verdict.) Based on the evidence presented in this case, this Court can easily conclude that Quezada failed to provide TINs/SSNs because they were never first furnished to him.

Quezada's testimony that he had, but chose not to provide, TINS/SSNs is simply not credible, and it should be rejected by the Court. Quezada is clearly an interested witness, making his credibility suspect. *See Sartor v. Arkansas Nat. Gas Corp.*, 321 U.S. 620, 628 (1944)(The mere fact that the witness is interested in the result of the suit is deemed sufficient to require the credibility of his testimony to be submitted to the jury as a question of fact.). There is ample evidence in this record challenging the truthfulness of Quezada's claim he had the contractor TINs and chose not to include them on his filed Form 1099s. It necessarily follows that, absent any credible evidence showing that Quezada's contractor payees furnished him with SSNs/TINs, Quezada was required, and failed, to conduct backup withholding on his contractor payees.

## II.

### QUEZADA'S BACKUP LIABILITY ASSESSMENTS ARE NOT BARRED BY LIMITATIONS

Plaintiffs maintain in their post-trial brief (Dkt. No. 57, ¶ 39) that this case is controlled by a single issue: whether the IRS back-up withholding liabilities are barred by limitations because Plaintiffs' 2005 – 2008 Form 1040 returns provide sufficient information for the IRS to calculate Plaintiffs' backup withholding liability.[3] (Dkt. No. 57, ¶ 39). Plaintiffs' contention, however, ignores the fact that the proper return to report a Section 3406 backup withholding liability is a Form 945, and not a Form 1040. 26 U.S.C. Section 3406 creates a new tax separate from that on ordinary income. That liability is required to be reported on a Form 945 Return, and the IRS is not required to determine and calculate backup withholding liability from a Form 1040 individual income tax return.

Plaintiffs' limitations argument is controlled by *Comm'r v. Lane-Wells Co.*, 321 U.S. 219 (1944), which this Court discussed in its June 12, 2017 Memorandum Opinion denying Plaintiffs' Motion for Summary Judgment (Dkt. No. 21). Quezada, like Technicraft in *Lane-Wells*, was required to file two separate returns, and he failed to file one of them. 26 U.S.C. Section 6011 requires taxpayers to file returns in accordance with the forms and regulations prescribed by the IRS. In turn, 26 C.F.R. § 31.6011(a)-4, requires a person required to withhold backup withholding tax to file a Form 945 Return. Because Quezada did not file a

---

[3] 26 U.S.C. § 6501(a) imposes a three year assessment limitations beginning after a tax return is filed. Here, Plaintiffs admit that no Form 945 returns were filed.

Form 945 Return, no limitations period began with respect to assessing his underlying Section 3406 backup withholding tax liability.

As the *Lane-Wells* Court notes, Congress has given the IRS discretion to prescribe by regulation forms of returns, the purpose of which is not just to get tax information, but to "also to get it with such uniformity, completeness, and arrangement that the physical task of handling and verifying returns may be readily accomplished." *Id*. at 223. Here, Quezada failed to file any Form 945 Returns. Accordingly, no assessment limitations began with respect to the assessment of his Form 945 backup withholding tax liability. *Compare id.,* at 224 ("Since no personal holding company returns were filed, the statute of limitations did not commence to run, and the assessment of the [underlying] tax was not barred.").

Plaintiffs' reliance on *Beard v. Comm'r,* 82 T.C. 766, 777 (1984), *aff'd sub nom. Beard v. C.I.R.*, 793 F.2d 139 (6th Cir. 1986) (which this Court also discussed in its June 12, 2017 Memorandum Opinion denying Plaintiffs' Motion for Summary Judgment (Dkt. No. 21)), is misplaced. In *Beard*, the Court examined an altered IRS official form submitted in an apparent attempt to create a zero tax liability. *Id.,* at 769-70. Opining that "a return that is sufficient to trigger the running of the statute of limitation must also be sufficient for the purpose of section 6651(a)(1)," the Court employed a four-part analysis to determine if the document before it qualified as a return. *Id.*, at 777. That test required:

> First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury.

*Id.*

Ultimately, the *Beard* Court concluded the document was not a return because "did not reflect an endeavor to satisfy the law" and it was unclear if it supplied sufficient information to permit a tax to be calculated. *Id*., at 778-79. Those same conclusions are true with respect to Plaintiffs' Form 1040 returns.

Plaintiffs' Form 1040 Returns make no endeavor to satisfy Section 3406 backup withholding requirements, and there is no reason for them to do so. A Form 1040 is intended to calculate federal income tax liability, not backup withholding liability. Plaintiffs' Form 1040 returns do not report any backup withholding liability, nor do they establish whether Quezada either owed or paid any such liability. Second, the 1040 returns do not provide sufficient data to calculate Quezada's backup withholding tax liability.

26 U.S.C. § 162(a) generally makes deductible **all** ordinary and necessary expenses paid or incurred in carrying on a trade or business. Contract labor expenses fall within the Section 162(a) category. *See Duket v. Comm'r of Internal Revenue*, No. 20560-14S, 2017 WL 5197607, at *3 (T.C. Nov. 9, 2017)(substantiated contract labor expenses fully deductible). That said, contract labor expenses, *per se*, are not subject to backup withholding. (Joint Pretrial Order, Adv. No. 16-01101, Dkt. No. 40 – Agreed Issue of Law No. 7). Indeed, at least with respect to contract labor expenses, Section 3406 backup withholding responsibility is limited to instances where: (1) a payee fails to furnish a TIN in the manner required; and/or (2) where the IRS notifies a payor that a furnished TIN is incorrect. Determining a taxpayer's backup withholding tax from a Schedule C is, at best, a guess. This is abundantly clear in this case where backup withholding was only imposed on a portion of Plaintiffs' claimed labor expenses. (See Plaintiffs' Exhibit 29, at pp. 3 and 4 of 6).

Ultimately, Plaintiffs' limitations argument is controlled by *Lane-Wells*. Regardless, the result is the same under *Beard*.

## CONCLUSION

The IRS claim, including the $1,269,561.89 claim for backup withholding tax liabilities (including penalties and interest) assessed pursuant to 26 U.S.C. § 3406, should be sustained. Quezada's contractors failed to properly furnish him with their TINs and Quezada was required to conduct backup withholding on payments made to those contractors. Additionally, because Quezada did not file a Form 945, the IRS is not barred by limitations from pursuing Quezada's backup withholding liabilities which should have been reported thereon.

Respectfully submitted,
By:
/s/ Thomas M. Herrin
THOMAS M. HERRIN
Texas State Bar No. 09533500
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9745
FAX (214) 880-9741
thomas.m.herrin@usdoj.gov

**ATTORNEY FOR UNITED STATES
(INTERNAL REVENUE SERVICE)**

## **CERTIFICATE OF SERVICE**

It is hereby certified that service of the foregoing pleading will be made by the Clerk on June 28, 2018, to the following:

Michael Baumer
Law Office of Michael Baumer
7600 Burnet Road, Suite 530
Austin, Texas 78757

                                                 Thomas M. Herrin
                                                 THOMAS M. HERRIN